# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON,<br><br>        Plaintiff,<br><br>v.<br><br>DORY A. THOMPSON,<br><br>        Defendant. | CIVIL ACTION NO. 1:19-CV-971<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM[1]

Plaintiff Chalmers A. Simpson, proceeding *pro se*, filed this complaint on June 6, 2019, alleging that Officer Dory A. Thompson illegally detained him, falsified traffic citations for which he had to appear in court, and failed to obey a subpoena directing her appearance at his summary appeal hearing. (Doc. 1). Simpson invokes the Court's jurisdiction pursuant to pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1367.

Officer Thompson moves to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 10). For the reasons that follow, the Court will **GRANT** Officer Thomson's motion to dismiss and close this case.

## I.  BACKGROUND AND PROCEDURAL HISTORY[2]

On October 1, 2016, Officer Thompson stopped Simpson "for no reason," issuing him citations for driving an unregistered vehicle and for speeding. (Doc. 1, at 2). Several weeks

---

[1] The parties have consented to have the undersigned conduct all proceedings in this case, including entry of final judgment. (Doc. 9).

[2] The Court presumes the truth of Simpson's allegations on defendant's Rule 12(b)(6) motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

later, Magisterial District Judge Kenneth A. Lenker held a summary trial, found Simpson guilty, and imposed fines. (Doc. 1, at 3, ¶ 3). During the summary trial, Officer Thompson falsely testified that Simpson's was the "only car on the street" when Thompson stopped him. (Doc. 23, at 5, ¶ 14).

In early 2017, Simpson appealed to the Dauphin County Court of Common Pleas. On appeal, Simpson requested subpoenas directing the production of video surveillance and "all notes of all statements and records" regarding the traffic stop. (Doc. 1, at 3, ¶ 6) (Doc. 1-1, at 3). Judge Lenker, listed among those Simpson wished to subpoena, denied Simpson's requests. Simpson, however, paid for and obtained subpoenas from the Dauphin County Prothonotary's office and served them on Officer Thompson, Judge Lenker, and the Steelton Police Department. (Doc. 1, at 3). The subpoenas served on Officer Thompson and the Steelton Police Department directed Thompson to appear at Simpson's summary appeal hearing. (Doc. 1, at 3–4, ¶¶ 7–9). Only Judge Lenker, through counsel, filed a motion to quash, which was granted. (Doc. 1, at 4, ¶ 12) (Doc. 1-1, at 3).

At his summary appeal hearing, held on February 27, 2017, Simpson was unable to question Officer Thompson, whom he was told would be late but never showed, frustrating Simpson's attempt to fight the traffic violations. (Doc. 1, at 5, ¶ 16). A transcript of the hearing reflects the Commonwealth's request for a continuance based on Officer Thompson's unavailability due to Thompson's engagement in another proceeding. (Doc. 23-1, at 21, Hr'g Tr. 2:8–12). Because Simpson had served a subpoena directing Thompson to appear, Judge Lawrence F. Clark, Jr., admonished the Commonwealth, stating, "once [Thompson] is served with a subpoena she's under legal compulsion to be here. . . . [Y]ou just can't do that kind of stuff . . . ." (Doc. 23-1, at 22, Hr'g Tr. 3:17–18). Ultimately, Judge Clark granted

Simpson's motion to dismiss the case for Thompson's failure to appear. (Doc. 23-1, at 24, Hr'g Tr. 5:1–5).

Simpson seeks $100,000 for Officer Thompson's falsification of information leading to the citations. (Doc. 1, at 5). In addition, Simpson asks for orders (1) directing prosecutors disclose Officer Thompson's whereabouts on February 27, 2017; (2) relieving Thompson of duty without pay and verification thereof; (3) expunging the traffic citations his record; and (4) requiring the release of surveillance video pertaining to the traffic stop. (Doc. 1, at 6).

**II.    DISCUSSION**

    A.    MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although a court must accept the fact allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

B. S<span>ECTION</span> 1983

Simpson asserts a federal civil rights claim pursuant to 42 U.S.C. § 1983.[3] Section 1983 provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

---

[3] Also invoked by Simpson, 28 U.S.C. § 1331 does not provide an independent ground for relief, as Simpson has not asserted any claims against a federal actor. *See Fontanez v. Pennsylvania*, 570 F. App'x 115, 116 (3d Cir. 2014) (noting that § 1331 is "a jurisdictional statute" that "can be read to confer a private right of action only in the limited *Bivens* context, where a litigant sues federal actors for damages on constitutional grounds"). Likewise, Simpson's reliance on 28 U.S.C. § 1367, to the extent he seeks to invoke § 1367 as an independent ground of jurisdiction, is unavailing given the Court's lack of jurisdiction over Simpson's primary cause of action.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### C. CONFRONTATION CLAUSE CLAIM

Simpson alleges that his rights were violated when Defendant failed to attend the February 27, 2017 appeal trial in the Common Pleas Court, depriving him of his right to confront his accuser. Liberally construed, it appears that Simpson may be alleging a violation of his Sixth Amendment rights.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309, 129 S.Ct. 2527, 2531, 174 L.Ed.2d 314 (2009); quoting *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Sixth Amendment guarantees a defendant's right to confront those "who 'bear testimony'" against him; in other words, it applies to "witnesses" against the accused. *Crawford v. Washington,* 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177. The Confrontation Clause stands for the principle that a witness's testimony against a defendant

is inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. *Crawford,* at 54, 124 S.Ct. 1354.

In this case, Defendant Thompson never appeared at trial, but no testimony, either in-court or out-of-court was taken at trial, and the charges were dismissed. As such, there was no violation of the Confrontation Clause when Simpson was unable to question Thompson.

D. MALICIOUS PROSECUTION CLAIM

Here, the only colorable constitutional cause of action raised by Simpson's allegations is a Fourth Amendment malicious prosecution claim. While Simpson asserts First and Fourteenth Amendment violations, (Doc. 23, at 3, ¶ 7), he has alleged neither the violation of protected speech nor an independent Fourteenth Amendment due process violation. *See, e.g.*, *Bell v. Brennan*, 570 F. Supp. 1116, 1119 (E.D. Pa. 1983) (dismissing "vague and conclusory" First Amendment claim involving improperly issued a traffic citation (quoting *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922–23 (3d Cir. 1976)) (internal quotation marks omitted)); *Malcomb v. Dietz*, No. CIV.A. 11-212, 2011 WL 5523682, at *7 (W.D. Pa. Nov. 3, 2011) (rejecting Fourteenth Amendment due process as a basis for § 1983 relief, where plaintiff alleged malicious prosecution of traffic citation), *report and recommendation adopted*, No. CIV.A. 11-212, 2011 WL 5523650 (W.D. Pa. Nov. 14, 2011), *aff'd*, 487 F. App'x 683 (3d Cir. 2012).

To successfully plead a malicious prosecution claim, Simpson must allege the following elements:

> 1) the defendant[] initiated a criminal proceeding; 2) the criminal proceeding ended in plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered deprivation of a liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Malcomb*, 2011 WL 5523682, at *7. As to the fifth element, "prosecution without probable cause is not, in and of itself, a constitutional tort," and generally, the issuance of traffic citations and the burden of fighting the violations in court—even fraudulent ones—do not give rise to a constitutional deprivation contemplated for a valid § 1983 claim. *See Malcomb v. Dietz*, 487 F. App'x 683, 686 (3d Cir. 2012); *see also Samuels v. Pocano Mountain Reg'l Police Dep't*, No. 3:13-CV-2922, 2014 WL 972215, at *7 (M.D. Pa. Mar. 12, 2014) (dismissing cause of action asserting trumped-up and maliciously issued traffic citations where plaintiffs did not allege the citations led to an arrest or detainment or "depriv[ation] of [] liberty in any other way prior to the eventual dismissal of the citations").

Even assuming Simpson has set forth allegations showing the first four elements, he has failed – as a matter of law – to establish a sufficient "deprivation of a liberty" to trigger Fourth Amendment relief. Simpson "was issued a traffic citation, ordered to appear in Magisterial District Court, and temporarily deprived of his driving privileges . . . . He was not arrested, detained, or restricted in his travel." *See Malcomb*, 487 F. App'x at 686.[4] Under "whatever nomenclature [he] ha[s] used to describe this claim[,] the claim fails at the fifth step, because [Simpson] ha[s] not alleged facts sufficient to show that [he] suffered a 'seizure' as that terms has been interpreted by the United States Court of Appeals for the Third Circuit in the context of a claim for malicious prosecution." *See Samuels*, 2014 WL 972215, at *6.

---

[4] That Simpson alleges he was "forced" to appear at a summary appeal hearing does not convert his claim into one of constitutional dimension. *See Malcomb*, 2011 WL 5523682, at *7 (citing *Holmes v. McGuigan*, 184 Fed. Appx. 149, 151 (3d Cir. 2006), for the proposition that "having to defend oneself against a speeding ticket is not a seizure for purposes of § 1983 malicious prosecution claim").

### III. LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint filed *pro se* is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, the Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Here, the Court finds that amendment would be futile because Simpson's allegations simply do not give rise to either a Sixth Amendment claim or a malicious prosecution cause of action.

### IV. CONCLUSION

For the foregoing reasons, Simpson fails to state any cognizable claim, and amendment would be futile. As such, the motion to dismiss (Doc. 10) of Defendant Thompson is **GRANTED**, and the Clerk of Court is directed to close this case.

An appropriate Order shall follow.

**Dated: February 27, 2020**            *s/ Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **United States Magistrate Judge**