UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON, JR, | |
| Plaintiff | CIVIL ACTION NO. 1:19-CV-971 |
| v. | (MEHALCHICK, M.J.) |
| DORY A. THOMPSON, | |
| Defendant. | |

**MEMORANDUM**

Before the Court is a motion to seal filed by Defendant Officer Dory A. Thompson ("Officer Thompson"). (Doc. 37). On June 6, 2019, *pro se* Plaintiff Chalmers A. Simpson, Jr. ("Simpson") initiated this action by filing a complaint alleging that Officer Thompson illegally detained him, falsified traffic citations for which he had to appear in court, and failed to obey a subpoena directing his appearance at his summary appeal hearing. (Doc. 1). On February 27, 2020, the Court granted Officer Simpson's motion to dismiss the complaint for failure to state any cognizable claim and directed the Clerk of Court to close this case. (Doc. 25; Doc. 26). On October 30, 2020, Simpson filed a notice of appeal. (Doc. 31). However, on March 1, 2022, Simpson filed a motion for dismissal of case, as well as a request for a demand, proof of service for the request, the general release, and proof of service for the general release, after the parties executed a settlement agreement. (Doc. 34; Doc. 34-1). The Court of Appeals for the Third Circuit dismissed this matter on March 10, 2022, pursuant to Fed. R. App. R. 42(b). (Doc. 35; Doc. 36).

On March 24, 2022, Officer Thompson filed the motion to seal pursuant to Third Circuit Local Appellate Rule 106.1(a), seeking an Order granting leave of Court to seal document 34, the settlement documents, in the interest of privacy, for a period of twenty-five

(25) years. (Doc. 37, at 4). On March 25, 2022, the Court conditionally sealed document 34 pending the resolution of the motion to seal. (Doc. 38). Simpson did not file a brief in opposition to this motion. As the time for briefing has ended, the motion to seal is now ripe for disposition.

I.   **STANDARD OF REVIEW**

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The right to access "envisions 'a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.' " *In re Cendant Corp.*, 260 F.3d at 192 (quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). The filing of a document with the Court "clearly establishes [its] status" as a judicial record. *In re Cendant Corp.*, 260 F.3d at 192. In ordinary civil litigation, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' " *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an entire record faces an even heavier burden." *Miller*, 16 F.3d at 551.

The presumption favoring public access can be overcome only if the party seeking the sealing of records shows "good cause" that "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1999) (quoting *Publicker Indus.*, 733 F.2d at

1071). The Third Circuit recognizes certain factors, "which are neither mandatory nor exhaustive" to consider when determining if "good cause" exists, including:

> (1) whether disclosure will violate any privacy interests;
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> (3) whether disclosure of the information will cause a party embarrassment;
> (4) whether confidentiality is being sought over information important to public health and safety;
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> (7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

The overarching aim of this analysis is to balance private interests with public interests. *Glenmede Trust Co.*, 56 F.3d at 483.

## II. DISCUSSION

In considering the documents at issue, the Court notes that public interest in disclosure is minimal, apart from the general interest in maintaining open judicial proceedings. Of course, the judicial proceedings here are also limited, as the parties reached the settlement agreement without assistance or intervention from the Court. The documents state the settlement amount agreed upon between the parties and a general release statement signed by the parties. (Doc. 34, at 1; Doc. 34-1, at 7). There does not appear to be a risk of embarrassment if the documents are disclosed, but neither does there appear to be an issue of fairness or efficiency between the parties, particularly because the motion to seal is unopposed.

However, Officer Thompson contends that Simpson's motion for dismissal of case (Doc. 34) should be sealed in the interest of privacy. (Doc. 37, at 4). "[T]he interest in privacy

is very important to the balancing test." *Zurich American Ins. Co.*, 345 F. Supp. 2d at 503 (citing *Pansy*, 23 F.3d at 787). "The court should try to prevent 'the infliction of unnecessary or serious pain on parties.' " *Zurich American Ins. Co.*, 345 F. Supp. 2d at 503 (quoting *Pansy*, 23 F.3d at 787). First, Officer Thompson argues that because the settlement agreement was reached without assistance or intervention from the Court, the settlement agreement and attached exhibits are not treated as judicial records for purposes of the Right of Access Doctrine. (Doc. 37, at 4). Further, Officer Thompson contends that "[t]hough the General Release is on the record as an Exhibit, it was not submitted to this Court for approval and therefore 'settlement' was not filed with the Court, but rather as an exhibit after-the-fact." (Doc. 37, at 4). Officer Thompson explains that "the General Release contains financial and other confidential information concerning the terms of the private settlement agreement reached between the parties." (Doc. 37, at 4). Officer Thompson sufficiently explained the basis for sealing and specified a twenty-five (25) year duration of the sealing order in accordance with L.A.R. 106.1(a). Therefore, the Court finds that Officer Thompson's privacy interest substantially outweighs the public's minimal interest in having access to these documents.

After weighing all applicable factors and applying the common law right of access standard, the Court finds that Officer Thompson has met his burden of showing good cause for sealing Simpson's motion for dismissal of case and the attached exhibits. *See Glenmede Trust Co.*, 56 F.3d at 483. Accordingly, the Court will grant Officer Thompson's motion for leave of court to seal document 34 and the attached exhibits pursuant to L.A.R. 106.1(A). (Doc. 37).

### III. CONCLUSION

Based on the foregoing reasons, Officer Thompson's motion for leave to seal document 34 is **GRANTED**. (Doc. 37).

An appropriate Order follows.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**